## MATHEWS v. SQUIRE.
### No. 792.

District Court, W. D. Washington, N. D.

March 26, 1945.

Thomas N. Fowler and Brethorst, Holman, Fowler & Dewar, all of Seattle, Wash., for plaintiff.

Thomas R. Winter, of Seattle, Wash., for defendant.

BOWEN, District Judge.

In this case a trustee was appointed by the corporate taxpayer to liquidate and distribute its assets. In aid of liquidation and distribution the trustee by two separate sales sold all of the physical non-cash assets of the corporate taxpayer to its majority stockholder at a loss to the corporate taxpayer. Later the proceeds of such sales were distributed to that majority stockholder and the other stockholders, and the majority stockholder also acquired the corporate taxpayer's claim under 26 U.S.C.A. Int.Rev.Code, § 24(b) (1) (B), for alleged tax overpayment resulting from such loss.

■ Here we have a loss to the corporate taxpayer by reason of the sale of its assets in aid of distribution, not a loss sustained merely by direct distribution to a majority stockholder of the corporation's physical assets. Congress has not provided for deduction of loss resulting from sale of physical assets in aid of distribution, but under the law the deduction for income tax purposes allowable in this connection is a loss resulting from distribution of corporate taxpayer's assets to a majority stockholder of the corporation. It seems to the court that this case is governed by the principle discussed in the Second Circuit case of Reddington Co. v. Commissioner of Internal Revenue, 131 F.2d 1014, involving somewhat different facts, where Judge Frank, at page 1015, said: "Congress was not required to permit any deductions from gross income. New Colonial Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348. It did permit some deductions of losses, but forbade deduction of losses resulting from sales by a person holding as large a percentage of the company's stock as that owned by Reddington. If, in forbidding deduction of such losses, Congress had intended to refer to 'net losses,' it was easy to say so."

I think that "easy to say so" rule is just as applicable to the facts in this case as it was to the facts in the Reddington Co. case.

■ If Congress had intended that losses resulting from the sale of assets by the trustee of the corporate taxpayer in aid of distribution should be deductible just the same as losses resulting from distribution itself, it would have been a very easy

thing for Congress to have said so. It certainly cannot be said to be clear that Congress intended that losses from sales should be treated like losses from distribution, and this court would not be justified in supplying in a tax case a meaning to statutory language not clearly intended by Congress.

Counsel do not cite, nor am I aware of, any authority giving this court the right or power to construe the statute in the manner contended for by the taxpayer. For the reasons stated, this court feels compelled to and does decide that plaintiff taxpayer take nothing by its complaint and that the same be dismissed, with taxable costs in favor of the defendant against the plaintiff.